IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHNNY GODFREY,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 05-0559-CG-M |
| **DOCTOR BARNES,** | : | |
| Defendant. | : | |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge ("report and recommendation") (Doc. 32), and the plaintiff's objection to the report and recommendation (plaintiff's "objection"). (Doc. 33).

**BACKGROUND**

Plaintiff prepared a complaint dated September 28, 2005, under 42 U.S.C. § 1983, which was filed with this court on October 3, 2005. (Doc. 1). Plaintiff alleges that he suffered a back injury on January 4, 2004, was arrested and sent to prison in February 2005, and then was transferred to Fountain Correctional Facility in March 2005. (Id., pp. 3-4). Shortly thereafter, Mr. Godfrey was diagnosed with Hepatitis C. (Id., p. 8).

In brief, Mr. Godfrey alleges that Dr. Barnes' medical treatment of Mr. Godfrey's back condition and Hepatitis C was insufficient, to the point of deliberate indifference to a serious medical need. (Id., p. 5). In other words, Mr. Godfrey alleges that Dr. Barnes' treatment of Mr. Godfrey violated the prohibition of cruel and unusual punishment set forth in the Eighth

1

Amendment to the United States Constitution.

The action was referred to Magistrate Judge Milling under 28 U.S.C. § 636(b)(1)(B) and SD ALA LR 72.2(c)(4).  On June 9, 2006, Dr. Barnes filed a Special Report and Answer.  (Docs. 13 and 14).  The special report attached Mr. Godfrey's medical records and an affidavit from Dr. Barnes.  Mr. Godfrey responded on July 17, 2006.  (Doc. 15).  The magistrate judge converted Dr. Barnes' Special Report and Answer to a motion for summary judgment on March 19, 2007.  (Doc. 20). Mr. Godfrey filed motions to amend and include all updated medical records and for appointment of counsel.  (Docs. 21 and 22).  The motion to amend incorporated the amendments Mr. Godfrey wished to bring to the court's attention.  (Doc. 21).  The magistrate judge granted the motion to amend and denied the motion to appoint counsel.  (Doc. 24).  The magistrate judge also ordered Dr. Barnes to file a supplemental special report to address the claims in Mr. Godfrey's amended complaint.  (Id.).

Dr. Barnes subsequently filed a supplemental special report, which included a supplemental affidavit and additional medical records.  (Doc. 27).  Mr. Godfrey responded to Dr. Barnes' submission.  (Doc. 28).

**THE REPORT AND RECOMMENDATION AND PLAINTIFF'S OBJECTION**

With the benefit of the foregoing filings, Magistrate Judge Milling prepared a thorough Report and Recommendation ("R&R"), dated November 7, 2007.  (Doc. 32).  The R&R outlines the fairly extensive medical treatment that plaintiff is receiving for his two medical conditions and also describes the beneficial conditions plaintiff receives in the form of specialty profiles (for example, a "no lifting over five pounds profile"), plaintiff's receipt of a back brace and walking cane.

The R&R proceeds to recommend that Dr. Barnes is entitled to summary judgment.  As the magistrate judge ably explains the applicable law:

> The Eighth Amendment provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  "The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  In Sims v. Mashburn, 25 F.3d 980 (11th Cir. 1994), the Eleventh Circuit delineated the objective and subjective portions of an Eighth Amendment claim as follows:
>
>> An Eighth Amendment claim is said to have two components, an objective component, which inquires whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and a subjective component, which inquires whether the officials acted with a sufficiently culpable state of mind.
>
> Sims, 25 F.3d at 983 (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)).
>
> To meet the objective element required to demonstrate a denial of medical care in violation of the Eighth Amendment, a plaintiff first must demonstrate the existence of an "objectively serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (internal quotation marks and citation omitted).
>
> In order to meet the required subjective element of an Eighth Amendment denial of medical care claim, a plaintiff must demonstrate "deliberate indifference" to a serious medical need.  Id.
>
>> In Estelle, the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S. Ct. 285; Farmer, 511 U.S. at 835, 114 S. Ct. 1970.  The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health

3

>       or safety; the official must both be aware of facts from which the
>       inference could be drawn that a substantial risk of serious harm
>       exists, and he must also draw the inference." Farmer, 511 U.S. at
>       837, 114 S. Ct. 1970 (emphasis added).  In interpreting Farmer and
>       Estelle, this Court explained in McElligott that "deliberate
>       indifference has three components: (1) subjective knowledge of a
>       risk of serious harm; (2) disregard of that risk; (3) by conduct that
>       is more than mere negligence." McElligott, 182 F.3d at 1255;
>       Taylor, 221 F.3d at 1258 (stating that defendant must have
>       subjective awareness of an "objectively serious need" and that his
>       response must constitute "an objectively insufficient response to
>       that need").
>
> Farrow, 320 F.3d at 1245-46.

(Doc. 32, pp. 13-15) (alterations in original).

The magistrate judge assumed, without deciding, that Mr. Godfrey demonstrated an objectively serious medical need, but granted Dr. Barnes summary judgment based on the conclusion that there was no issue of material fact as to whether Dr. Barnes was deliberately indifferent to that need. (Id., pp. 15-21). Relying on the extensive medical care plaintiff has received for his two medical conditions, the magistrate judge reached the conclusion that there was no evidence that Dr. Barnes disregarded a risk of serious harm to plaintiff from either condition.

Mr. Godfrey objected to the R&R. (Doc. 33). His objection is dated November 17, 2007, postmarked November 19, 2007, and was docketed on November 21, 2007. (Id.). Plaintiff's arguments fall into four general categories: (1) his case should not have been dismissed for failure to state a claim; (2) his medical need was sufficiently serious to trigger an Eighth Amendment evaluation by the court; (3) Dr. Barnes has not supplemented his filings since May 24, 2007, nor did the magistrate judge undertake to do so, to advise the court as to any developments in plaintiff's medical condition or treatment that occurred between May 24, 2007,

and the November 7, 2007, date of the R&R; and (4) Dr. Barnes ignored Dr. Tyler's recommendation for plaintiff to have surgery and ignored Dr. White's prescription for a specific medication called "Darvocet."

**ANALYSIS**

This case was transferred to Magistrate Judge Milling pursuant to 28 U.S.C. § 636(b)(1)(B). Under that statute, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," if a party files a written objection within ten days of being served a copy of receiving the R&R. 28 U.S.C. § 636(b). Each of Mr. Godfrey's arguments can be dispatched, the first three with relative ease.

The first argument fails because Mr. Godfrey's case was not dismissed for failure to state a claim. Rather, summary judgment was granted because "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show[ed] that there [was] no genuine issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In short, Mr. Godfrey raises an argument that applies when cases are dismissed as a matter of law. His case was not dismissed as a matter of law. The magistrate judge converted the filings into a motion for summary judgment and, after receiving evidence, granted summary judgment. Mr. Godfrey's argument in this regard does not apply because it is based on a procedural rule that was not applied in this case. In other words, Mr. Godfrey argues apples when the issue is oranges.

The second argument, that the magistrate judge did not give enough weight to the severity of Mr. Godfrey's medical condition, also fails. The magistrate judge assumed for the

purpose of his analysis that Mr. Godfrey's medical condition was sufficiently severe as to meet the threshold for an analysis under the Eighth Amendment. "For purposes of this analysis, the Court assumes, without deciding, that Plaintiff has demonstrated an 'objectively serious medical need' in order to satisfy the first component of his Eighth Amendment claim." (Doc. 32, p. 15). The court rejects this second argument, then, because it is based on a false premise.

The third argument is based on the failure to update the evidence before the court on summary judgment. Neither party nor the magistrate judge had a duty to update the evidence before the court as Mr. Godfrey suggests. This argument is consequently rejected.

Finally, the fourth argument is also rejected. Mr. Godfrey argues that a Dr. Tyler may have, but did not necessarily, recommended back surgery for Mr. Godfrey and that Dr. Barnes did not take Dr. Tyler's advice. As a preliminary matter, this case was decided on summary judgment. The non-moving party in summary judgment, Mr. Godfrey in this case, has a duty to oppose summary judgment with facts, not hypothetical questions. See Kamal Al-Zubaidy v. TEK Indus., 406 F.3d 1030, 1036 (8th Cir. 2005) ("Evidence, not contentions, avoids summary judgment."). Mr. Godfrey has not directed the court to any evidence, nor has the court's independent review of the file found any evidence, to support the claim that Dr. Tyler recommended surgery.[1]

Mr. Godfrey asserts that Dr. Tyler's medical report has been hidden from him. (Doc. 33,

---

[1] Mr. Godfrey says that Dr. Tyler recommended surgery and refers the court to Exhibit A # 10 of Mr. Godfrey's response to Dr. Barnes' supplemental special report. (Doc. 33, ¶ 4). Exhibit A-10 is a Prison Health Services Special Needs Communication Form, indicating that Mr. Godfrey is scheduled for a visit with Dr. White. (Doc. 28-2, p. 10). It does not mention Dr. Tyler. In addition, exhibit A-11 to Mr. Godfrey's response to Dr. Barnes' supplemental special report contains Mr. Godfrey's handwritten note that he had not seen Dr. Tyler as of June 6, 2007. (Id., p. 11).

¶ 27). Even if that were true[2] and it were also true that Dr. Tyler recommended surgery, Mr. Godfrey still would not have established the existence of a "material" fact in need of decision at trial. A fact is "material" if it has a bearing on the outcome of the case. See Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1313 (11th Cir. 2007). Dr. Barnes has provided Mr. Godfrey with several specialist evaluations which, as far as the evidence before the court shows, are ongoing. Dr. Barnes has treated Mr. Godfrey for the pain about which he complains.

Disagreeing with Dr. Tyler's recommendation, or ordering further tests before following the recommendation, does not show a deliberate disregard for Mr. Godfrey's medical ailment. At best for Mr. Godfrey, it shows that Dr. Barnes is exercising medical judgment differently from the way Mr. Godfrey wants him to. As Magistrate Judge Milling correctly pointed out in his R&R, "the question of whether governmental actors should have employed additional diagnostic techniques of forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." (Doc. 32, p. 19) (quoting Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (internal citations and quotations omitted). The same holds true for Mr. Godfrey's claim that Dr. Barnes violated the Eighth Amendment by failing to supply him with the drug Darvocet, as per Dr. White's authorization or prescription. (Doc. 33, ¶ 17.1) (Mr. Godfrey complaining that he never received Darvocet); (Doc. 27-20, pp. 3-4) (recognizing that Mr. Godfrey was prescribed Darvocet, but indicating that Mr. Godfrey's "medications have been adjusted as required by his changing medical condition.").

---

[2] There is no indication that the records were hidden from Mr. Godfrey other than his own assertion.

The magistrate judge correctly recommended summary judgment in favor of Dr. Barnes.

After due and proper consideration of all portions of this file deemed relevant to the issues Mr. Godfrey raised in his objection to the R&R, and a <u>de novo</u> determination of those portions of the R&R to which Mr. Godfrey objected, the recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that summary judgment is hereby **GRANTED** in favor of Dr. Barnes.

**DONE and ORDERED** this 5th day of December, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE